Filed 4/30/26  P. v. Battee CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086189 |
| v. | (Super.Ct.No. FSB052495) |
| JAQUAI BATTEE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed.

Jaquai Battee, in pro. per.; and Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jaquai Battee appeals from the denial of his petition to vacate his attempted murder conviction under section 1172.6 of the Penal Code.  (Unlabeled statutory citations refer to this code.)  We affirm.

BACKGROUND

In August 2005, John Doe was working at an adult bookstore, and Battee entered. Battee went to the back of the store and looked around. After about 30 minutes, he walked toward Doe, pointed a gun at his head, and told him, "'[t]his is a robbery.'" Battee went to the cash register and made Doe open it. Doe had already hidden most of the money, because Battee was "looking suspicious." Battee said, "'Don't tell me I am robbing you for two fucking dollars.'" Battee then led Doe to the back of the store because he wanted the surveillance tape. Doe said that the manager's office was locked, and Battee took Doe back to the front of the store.

Battee pointed the gun at a "panicking" customer, and Doe tried to disarm Battee. Battee and Doe "wrestled" for the gun, and Doe ended up on the floor. Battee pointed the gun at Doe's head, and Doe raised his arm to protect himself. Battee shot Doe five times, and one bullet went through Doe's arm and struck him in the head. Doe suffered wounds to his head, left arm, and abdomen.

The People filed an information charging Battee with attempted murder (§§ 664, 187, subd. (a)) and second degree robbery (§ 211). As to both counts, the People alleged that Battee personally and intentionally discharged a handgun, causing bodily injury (§ 12022.53, subd. (d)), personally and intentionally discharged a handgun (§ 12022.53, subd. (c)), and personally used a handgun (§ 12022.53, subd. (b)). The People also alleged that Battee had suffered two prior strike convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and two prior serious felony convictions (§ 667, subd. (a)(1)).

Following a bench trial, the court found Battee guilty on both counts and found the allegations true. The court sentenced him to 85 years to life, consisting of 25 years to life for the attempted murder count, plus 25 years to life for the enhancement under subdivision (d) of section 12022.53; 25 years to life for the robbery count; and five years for each of the prior serious felony conviction enhancements. The court stayed the remaining section 12022.53 enhancements.

In April 2024, Battee filed a form petition for resentencing under section 1172.6. Battee checked boxes next to statements asserting that (1) an information had been filed against him that allowed the prosecution to try him for attempted murder under the natural and probable consequences doctrine; (2) he was convicted of attempted murder; and (3) he could not presently be convicted of attempted murder because of changes to accomplice liability for murder made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). Battee did not offer any additional facts in support of those statements.

The court took the matter under submission and subsequently issued a written statement of decision. The court found that "[n]othing in [the preliminary hearing transcript or the record of conviction] suggests [that Battee] was prosecuted on the basis of anything other than being the actual shooter. The preliminary hearing transcript, in particular, is unequivocal. [Battee's] victim testified that [Battee] pointed a gun at him, said he was going to die, and shot him in the head. There was no allegation that anyone else was involved, or that [Battee] was prosecuted under any sort of vicarious liability or

3

otherwise now invalid theory." The court found that Battee had not established a prima facie case for relief under section 1172.6 and denied the petition.

## DISCUSSION

We appointed counsel to represent Battee on appeal, and counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, raising no issues and asking us to exercise our discretion to conduct an independent review of the record. After defense counsel filed the *Delgadillo* brief, we advised Battee that he could file a personal supplemental brief, which he did.

Battee argues that he was not the actual shooter "and there [was] not and [could] not be any physical evidence nor footage of [him] doing anything other than shopping and walking into an unfortunate situation." His argument is meritless.

If a section 1172.6 petition is supported only by "conclusory, checkbox allegations" and the preliminary hearing transcript contains "unchallenged, relief-foreclosing facts," then the petition may be denied on that basis at the prima facie stage. (*People v. Patton* (2025) 17 Cal.5th 549, 564 (*Patton*).) Whether the record of conviction demonstrates that a petitioner is ineligible for relief "'is a purely legal conclusion, which we review de novo.'" (*People v. Ervin* (2021) 72 Cal.App.5th 90, 99.)

Battee has not shown that the trial court erred by ruling that he failed to make a prima facie showing of entitlement to relief under section 1172.6. He argues that he is innocent, but he does not identify any theory of imputed malice on which he could have been convicted. His petition is "[o]n a preprinted form" in which "he checked boxes next to statements indicating that he met" section 1172.6's requirements for resentencing.

4

(*Patton*, *supra*, 17 Cal.5th at p. 559.) He "offered no specific facts in support of these statements." (*Ibid*.) The testimony at the preliminary hearing showed that he acted alone and was the actual shooter. The court therefore could "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute [those] conclusory, checkbox allegations" to confirm that Battee was the actual shooter, acted alone, and is consequently ineligible for relief under section 1172.6. (*Patton*, at p. 564.)

We decline to exercise our discretion to review the entire record.

DISPOSITION

The order denying Battee's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
J.

We concur:

McKINSTER _____
Acting P. J.

LEE _____
J.

5